IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LIANI REYNA, | ) |
| | ) |
| Plaintiff, | ) CV-02-980-ST |
| | ) |
| v. | ) FINDINGS AND |
| | ) RECOMMENDATION |
| CITY OF PORTLAND; PORTLAND POLICE BUREAU; and MARK KROEKER, in his individual and representative capacities, | ) ) ) ) |
| | ) |
| Defendants. | ) |

STEWART, Magistrate Judge:

## INTRODUCTION

On July 24, 2002, plaintiff, Liani Reyna ("Reyna") filed this action against defendants, the City of Portland, the Portland Police Bureau ("PPB"), and Portland's Chief of Police, Mark Kroeker ("Kroeker"), both in his individual and representative capacities, alleging unlawful employment practices.

1 - FINDINGS AND RECOMMENDATION

Reyna was the first, and only, female police officer assigned to Portland's Special Emergency Reaction Team ("SERT"). Complaint, ¶ 5. Reyna alleges that beginning in January 1999, she was subjected to a sexually hostile work environment during SERT training, which included incidents of "hazing," and that she later was removed from street duty after SERT team members improperly gained access to her confidential medical information and circulated false rumors that Reyna suffered from a seizure disorder. *Id*, ¶¶ 9-26. She further alleges that, despite their knowledge of these problems, management level PPB employees failed to take prompt corrective action designed to end the hostile environment. *Id*, ¶ 27. As a result, she resigned from the SERT team in November 2000. *Id*, ¶ 28.

Reyna alleges five claims against all defendants for: (1) sexual harassment and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000(e)-2 ("Title VII") and ORS 659A.030 (First Claim for Relief); (2) retaliation in violation of Title VII and ORS 659A.030(1)(f) (Second Claim for Relief); (3) violation of 42 USC § 1983 (Third Claim for Relief); (4) whistleblowing under ORS 659A.203 (Fourth Claim for Relief); and (5) disability discrimination in violation of 42 USC § 12112 and ORS 659A.112.

This court has original jurisdiction over Reyna's federal statutory claims under 28 USC § 1331 and supplemental jurisdiction over the state law claims under 28 USC § 1367. Defendants have now filed Rule 12 Motions (docket #10) to dismiss the claims against Kroeker in his representative capacity and against the PPB. For the reasons that follow, the motions should be granted.

///

///

2 - FINDINGS AND RECOMMENDATION

## STANDARDS

A motion to dismiss under FRCP 12(b)(6) will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 US 41, 45-46 (1957) (footnote omitted); *Allwaste, Inc. v. Hecht*, 65 F3d 1523, 1527 (9th Cir 1995) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Davis v. Monroe County Bd. of Edu.*, 526 US 629, 654 (1999), quoting *Scheuer v. Rhodes*, 416 US 232, 236 (1974). Thus, the review is limited to the Complaint, and "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Buckey v. County of Los Angeles*, 968 F2d 791, 794 (9th Cir), *cert denied*, 506 US 999 (1992) (citation omitted).

## DISCUSSION

### I. Claims Against Kroeker in his Representative Capacity

Each of Reyna's five claims for relief are alleged against Kroeker both in his individual and representative capacities. Defendants contend that the representative capacity claims against Kroeker are redundant of Reyna's claims against the City of Portland and therefore should be dismissed.

Although "state officials literally are persons," an official-capacity suit against a state officer under § 1983 "is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept' of State Police*, 491 US 58, 71 (1989). Official-capacity suits "'generally represent only another way of pleading an action

3 - FINDINGS AND RECOMMENDATION

against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 US 159, 165 (1985), quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 US 658, 690 n 55 (1978).  Thus, suits against state officials in their official capacity should be treated as suits against the State. *Id* at 166. Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Id*.  In addition, the only immunities available to the named official in an official-capacity suit are those that the governmental entity possesses. *Id* at 167.

Accordingly, an action against Kroeker in his official capacity should be treated as an action against the City of Portland and should be dismissed as redundant.[1]  However, Reyna argues that she is also suing Kroeker in his representative or official capacity for injunctive relief for violation of a constitutional duty.  "[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 US n10, quoting *Graham*, 473 US at 167, n14.

Although Reyna may sue Kroeker in his official capacity for injunctive relief, the issue presented by defendants' motion is whether that claim is identical to her claim against the City of Portland. The Complaint alleges all claims against all defendants without distinction. The only reference to injunctive relief is found in the prayer which seeks "declaratory and injunctive relief reinstating [Reyna] to the SERT Team."  Thus, whatever claim is alleged against Kroeker in his official capacity for injunctive

---

[1] States are protected by the Eleventh Amendment while municipalities are not.  *Monell*, 436 US at 690 n54. Because Kroeker is a municipal official, rather than a State official, he has no protection from suit in his official capacity for monetary damages under the Eleventh Amendment.  *Confederated Tribes & Bands of the Yakima Indian Nation v. Locke*, 176 F3d 467, 469 (9th Cir 1999), citing *Edelman v. Jordan*, 415 US 651, 663 (1974).

relief also is alleged against the City of Portland. Moreover, any injunction requiring reinstatement would be directed to the employer, namely the City of Portland, rather than to Kroeker. Suing Kroeker in his official capacity for injunctive relief, in addition to suing the City of Portland for injunctive relief, provides no separate or different relief to Reyna.

Accordingly, this court recommends granting defendants' motion to dismiss the claims against Kroeker insofar as they are brought against him in his representative capacity.

## II. Suit Against the PPB

Reyna also alleges claims against the PPB. Defendants argue that the PPB is neither a "person" subject to liability under the federal civil rights laws nor a "public body" that can be sued under the Oregon Tort Claims Act, ORS 30.260, *et seq*.

This court has previously decided that the PPB cannot be sued under the federal civil rights laws:

> Courts have repeatedly decided that the city police departments cannot be sued under the civil rights laws. A city police department is not a separate entity from the city itself and thus is not amenable to suit. It is merely the vehicle through which the city fulfills its policing functions. Suit must be brought against the city itself. Thus, the PPB should be dismissed as a defendant on the § 1983 and § 1981 claims.

*Keller v. City of Portland*, *et al.*, Civil No. 98-263-ST, Findings and Recommendations dated November 13, 1998, pp. 6-7 (docket #36), adopted by District Court Judge Ancer L. Haggerty, Order dated February 12, 1999 (docket #64) (available at 1998 WL 1060222, **3-4 (D Or)).

It came to the same conclusion with respect to the Oregon Tort Claims Act:

5 - FINDINGS AND RECOMMENDATION

> With regard to plaintiff's state law cause of action against the PPB, . . . Judge Jelderks has held that ORS 30.265 provides for liability against public bodies but not against any bureaus, divisions, or departments. This court agrees with Judge Jelderks that the PPB is not a separate and distinct entity from the City. The PPB is a bureau or part of the City because it fulfills the City's policing functions and its officers are City employees. Therefore, the PPB should be dismissed as a defendant on the state law cause of action as well.

Reyna has cited no authority in the Ninth Circuit warranting a different result. Thus, the claims against the PPB also be dismissed.

## RECOMMENDATION

For the reasons stated above, defendants' Rule 12 Motions (docket #10) should be GRANTED, and the claims against Kroeker (in his representative capacity only) and against the Portland Police Bureau should be DISMISSED.

## SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due **December 31, 2002**. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, the response is due no later than **January 21, 2003**. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this 11th day of December, 2002.

/s/ Janice M. Stewart
Janice M. Stewart

6 - FINDINGS AND RECOMMENDATION

                                          United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION