IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LIANI REYNA, )
 )
                Plaintiff, ) Civil No. 02-980-JO
 )
    v. ) O R D E R
 )
CITY OF PORTLAND; ET AL., )
 )
                Defendants. )

    Stephen L. Brischetto
    Attorney at Law
    520 S.W. Yamhill Street, Suite 500
    Portland, OR 97204

     Attorney for Plaintiff

    James P. Martin
    Kari A. Furnanz
    Janet M. Schroer
    HOFFMAN HART & WAGNER, LLP
    1000 S.W. Broadway, 20th Floor
    Portland, OR 97205

Jenifer J. Johnston
CITY ATTORNEY'S OFFICE
1221 S.W. Fourth Avenue, Suite 430
Portland, OR  97204

    Attorneys for Defendants

JONES, Judge:

This case is before the court on defendants' motion for attorney fees (# 403) and cost bill (# 406).  For the reasons stated below, defendants' motion for attorney fees is denied.  Costs are allowed in the requested sum of $18,598.16.

1.    <u>Attorney Fee Request</u>

Defendants seek an award of $2,428.40 in attorney fees incurred in connection with the successful motions for summary judgment and dismissal concerning defendant Kroeker.  Even though defendants prevailed in this action, they may recover attorney fees under the civil rights laws and corresponding state laws only if plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978).  And while under Fed.R.Civ.P. 37(c)(2), defendants may recover fees and expenses for plaintiff's failure to admit a request for admission, fees and expenses may be denied if, among other things, plaintiff had a good reason for the failure to admit.

I find that plaintiff's claims against defendant Kroeker were not frivolous in the sense required for a fee award to a prevailing defendant under Title VII.  I also find that plaintiff had a good reason for denying the request for admission concerning her claims against defendant Kroeker.  Consequently, I deny defendants' attorney fee request in its entirety.

2.    <u>Cost Bill</u>

As prevailing parties, defendants are entitled to recover their costs incurred in this action. Fed.R.Civ.P. 54(d)(1); see 28 U.S.C. § 1920 (listing recoverable costs). Defendants have submitted a cost bill totaling $18,598.16. Plaintiff has made only two objections to the cost bill. First, plaintiff objects to what she characterizes as "duplicative charges for the deposition of Plaintiff on October 19, 2004," a total of $513.25 of defendants' requested costs. Second, plaintiff objects to costs for witness Ratcliff's meals, parking, and miscellaneous expenses (a total of $269.00 of defendants' request) as inadequately documented.

With respect to the first objection, courts are split on whether a prevailing party may recover the costs of both a videotape and stenographic transcript of a deposition. See Jones, Rosen, Wegner & Jones, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL TRIALS & EVIDENCE, ¶ 19:132 (The Rutter Group 2005). Here, however, defendants have demonstrated that both the videotape and stenographic transcript were necessarily obtained for use in the case. Plaintiff's objection to the deposition cost is overruled.

With respect to witness Ratcliff's expenses, defendants' Exhibit 49 adequately supports the request. Consequently, plaintiff's objection to these costs is overruled.

CONCLUSION

Defendants' motion for attorney fees (# 403) is denied. Defendants' cost bill (# 406) is allowed in its entirety.

IT IS SO ORDERED.

DATED this 21st day of September, 2005.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge